Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICHOLE WATSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>LOANDEPOT.COM, LLC,<br><br>    Defendant. | Case No.<br><br>COMPLAINT (Fair Housing Act, Oregon Unlawful Trade Practices Act, Fraud, Oregon Mortgage Broker and Banker Law, Equal Credit Opportunity Act)<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTION:

1.

This is a consumer protection and lending discrimination case arising from the defendant's mishandling of the plaintiff's application to finance her first home purchased on her own after a divorce. Ms. Watson is a school principal in the Parkrose School District. The defendant, LoanDepot.com, LLC, is a non-bank mortgage broker. Defendant's agent's faulty loan origination handling ruined Ms. Watson's pending home purchase, causing her to lose access to a

Page 1 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

$22,500.00 forgivable loan under the NeighborhoodLIFT program. Ms. Watson also paid for an unnecessary appraisal and home inspection for the transaction that fell through. About a year later, a different company succeeded in arranging a mortgage that allowed Ms. Watson to buy a much more expensive house. Plaintiff asserts claims under Oregon and federal anti-discrimination and consumer protection laws.

## JURISDICTION

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the federal Fair Housing Act is authorized and instituted under 42 U.S.C. § 3613(a). Jurisdiction over claims brought under the Equal Credit Opportunity Act is authorized and instituted under 15 U.S.C. § 1691e(f). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.

The plaintiff, Nichole Watson ("Ms. Watson" and "plaintiff") is a natural person, an unmarried African-American woman, and a resident of Multnomah County, Oregon.

4.

The defendant, LoanDepot.com, LLC, ("LoanDepot") is a Delaware corporation authorized to do business in Oregon.

///

///

Page 2 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

## FACTUAL ALLEGATIONS

5.

In late 2019, plaintiff was trying to buy her first home by applying for a forgivable down-payment loan called the NeighborhoodLIFT program. She attended an event at the Oregon Expo Center, and ultimately chose the defendant, LoanDepot, to be her mortgage lender, as it was on a list of lenders approved for the NeighborhoodLIFT program. Plaintiff was referred to defendant by a local housing non-profit. Plaintiff applied for a purchase money mortgage from defendant and began searching for a home.

6.

In conjunction with her application to defendant for a mortgage, plaintiff turned over accurate and complete information about her income, debts, and credit history. In approximately December 2019, defendant gave Ms. Watson a pre-approval letter for a loan of up to $300,000. On the strength of that letter, she made an offer to purchase a home in the Lents neighborhood, in Portland. The offer was accepted by the seller shortly thereafter.

7.

Plaintiff contacted LoanDepot's loan originator, informed him of the pending home purchase, and asked him to finalize arrangements for the loan. The sale price for the home was ultimately negotiated to $305,000, and plaintiff conveyed this information to LoanDepot's loan originator, who confirmed that plaintiff was approved for financing in this amount.  The closing for the purchase was scheduled for March 16, 2020, or thereabouts. Ms. Watson was required to be under contract to buy a home by February 20, 2020, in order to obtain the $22,500.00 in NeighborhoodLIFT funds.

///

Page 3 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

8.

Plaintiff paid $750.00 for an appraisal and approximately $650.00 for a home inspection in conjunction with the pending sale. She deposited $3000.00 in earnest money to escrow. On the strength of her understanding that her loan would be approved by LoanDepot and the transaction would close, Ms. Watson gave notice on her rental apartment and began packing her things to move.

9.

After she gave notice on her apartment, the supervisor of LoanDepot's loan originator informed Ms. Watson that her loan would not be approved. There was no way for plaintiff to work out alternative financing quickly enough to salvage the deal. As a result, though she was able to recover her earnest money, she lost access to the $22,500.00 in NeighborhoodLIFT funds and the appraisal and inspection fees she had paid. Her ascertainable loss totals approximately $23,900.00.

10.

The home purchase was negotiated based on LoanDepot's early preapproval of Ms. Watson's financing, but it fell through due to defendant's failure to actually obtain financing for Ms. Watson. Plaintiff experienced severe emotional distress as a result of the failed transaction, entitling her to an award of non-economic damages of at least $50,000.00.

11.

Approximately one year after LoanDepot failed to approve and fund Ms. Watson's purchase of a home, she qualified for a home loan through a different mortgage originator for a much higher purchase amount of $450,000.00.

///

Page 4 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

12.

LoanDepot mishandled plaintiff's loan application by promising her financing that it could not provide, causing her to incur losses when her home purchase fell through. Further, LoanDepot has engaged in a pattern of providing misleading and incompetent loan origination services to other single African American women. As a result, Plaintiff alleges that LoanDepot discriminated against her in the provision of services connected to the sale of housing, based on her race, marital status, and sex.

FIRST CLAIM FOR RELIEF--Fair Housing Act (FHA)

13.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 12 above.

14.

The mortgage loan application plaintiff made to defendant was a residential real estate-related transaction within the meaning of 42 U.S.C. § 3605(b).

15.

Defendant is a person or entity whose business includes engaging in residential real estate-related transactions, within the meaning of 42 U.S.C. §§ 3602 and 3605.

16.

On information and belief, the defendant unlawfully discriminated against plaintiff on the basis of race and sex in violation of 42 U.S.C. §§ 3604 and 3605, and engaged in discriminatory housing practices as defined by 42 U.S.C. § 3602(f), as described in paragraph 12, above.

///

///

Page 5 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

17.

Because of defendant's discriminatory housing practices, plaintiff incurred economic and non-economic damages, as described more fully in paragraphs 9 and 10, above. Plaintiff is entitled to an award of reasonable attorney fees and costs under the FHA.

18.

Defendant was aware of plaintiff's federally protected rights under the FHA, was aware or should have been aware of her race and sex, and acted with malice or, alternatively, with callous or reckless indifference that its actions might violate her federally-protected rights, warranting an award of punitive damages to be proven at trial.

SECOND CLAIM FOR RELIEF--OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.605, *et seq.*

19.

Plaintiff realleges paragraphs 1 through 18, above.

20.

The loan application at issue in this case was made for personal, family, or household purposes.

21.

LoanDepot's loan originator misrepresented to plaintiff that it would approve her for financing to purchase the home she had made an agreement to buy, and that it would enable the transaction to close in time to qualify her to receive NeighborhoodLIFT funds. LoanDepot's inability to close a loan by the date promised caused the pending home purchase to fail, and caused plaintiff to incur economic loss. These statements constituted actionable

Page 6 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

misrepresentations or omissions about the nature and qualities of the loan transaction, in violation of ORS 646.608(e) and (k).

22.

Plaintiff has suffered ascertainable loss in the form of expenses she incurred due to the thwarted home purchase and loss of the NeighborhoodLIFT funds, in an approximate amount of $23,900.00, the exact amount of which will be proven at trial.

23.

LoanDepot acted with reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages to be proven at trial, at a minimum amount of $500,000.00.

THIRD CLAIM FOR RELIEF--Fraud

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 23.

25.

Defendant defrauded plaintiff in the following respects, each of which were material to her losses connected with the home loan application she submitted to defendant:

    A.    Defendant's loan originator's instruction to plaintiff that it was safe to incur appraisal and inspection costs when it had not yet approved her for a loan.

    B.    Defendant's loan originator's statement that defendant could provide her with financing in time to qualify her to obtain NeighborhoodLIFT funds was untrue and caused her economic loss and non-economic damages in connection with the ruined purchase transaction, as described in paragraphs 9 and 10, above.

Page 7 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

26.

Defendant, in handling the mortgage application for plaintiff, knowingly made the representations and omissions described in paragraph 25 (or, alternatively, knew that they were ignorant of the truth) with the intent to induce Ms. Watson to rely on those representations.

27.

Plaintiff relied on LoanDepot to arrange a loan for her home purchase and provide related expertise as a professional mortgage originator. Ms. Watson was unaware of defendant's misrepresentations and omissions when she incurred expenses and waited on LoanDepot to provide her financing in time for her to receive NeighborhoodLIFT funds. As a consequence, Ms. Watson suffered economic damages and non-economic damages to be proven at trial, as described in paragraph 9 and 10, above.

28.

Defendant's misrepresentations and omissions were made with malice or, alternatively, with callous or reckless indifference to the plaintiff's health and welfare, warranting an award of punitive damages to be proven at trial.

FOURTH CLAIM FOR RELIEF--Oregon Mortgage Lender Law, ORS 86A.095-.198, *et seq.*

29.

Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

30.

Defendant LoanDepot is a mortgage broker or banker, as defined by ORS 86A.100.

///

///

Page 8 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

31.

The mortgage loan transaction which is the subject of this action constitutes a "residential mortgage transaction" as defined by ORS 86A.100(8), and LoanDepot was required to be licensed under ORS 86A.103 to engage in this transaction.

32.

As described particularly above, defendant transacted business as a mortgage banker or mortgage broker by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, in violation of ORS 86A.151(b)(A).

33.

Additionally, or in the alternative, defendant has employed a device, scheme or artifice to defraud the plaintiff, or knowingly made untrue statements of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or engaged in an act, practice or course of business which operated as a fraud or deceit, in violation of ORS 86A.154(1)-(3).

34.

As a result of defendant's violations of the Oregon Mortgage Lender Law, Ms. Watson suffered an ascertainable loss.  Plaintiff seeks damages in an amount equal to her ascertainable loss described in paragraph 9, above, pursuant to ORS 86A.151(2), and attorney fees pursuant to ORS 86A.151(7).

FIFTH CLAIM FOR RELIEF--Equal Credit Opportunity Act (ECOA)

35.

Page 9 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

Plaintiff hereby realleges and incorporate by reference paragraphs 1 through 34 above.

36.

Defendant is a creditor and the above-referenced mortgage loan application constituted an application for credit as defined by the ECOA, 15 U.S.C. § 1691a(b) and Regulation B, 12 C.F.R. § 202.2.

37.

Ms. Watson was an applicant for credit within the meaning of 15 U.S.C. § 1691a(b) and Regulation B, 12 C.F.R. 202.2(e).

38.

Ms. Watson is a member of protected classes under ECOA based on her race, sex and marital status.

39.

The defendant unlawfully discriminated against plaintiff on the basis of race, sex, and marital status in violation of 15 U.S.C. § 1691(a) and Regulation B, 12 C.F.R. § 202.4(a), as described above.

40.

Because of the above-referenced violations of the ECOA and Regulation B and in accordance with 15 U.S.C. § 1691e, defendant is liable to plaintiff for economic and non-economic damages described in paragraphs 9 and 10, above, punitive damages not to exceed $10,000.00, and costs and reasonable attorney fees.

PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays for:

Page 10 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

1. On her first claim for relief (Fair Housing Act):

    A. Economic damages of approximately $23,900.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

    B. Reasonable attorney fees and costs, pursuant to 42 U.S.C. § 3613(c)(2);

    C. Punitive damages.

2. On her second claim for relief (Oregon Unlawful Trade Practices Act):

    A. Actual damages of approximately $23,900.00, in an exact amount to be proven at trial, together with prejudgment interest;

    B. Reasonable attorney fees pursuant to ORS 646.641(2);

    C. Punitive damages.

3. On her third claim for relief (Fraud):

    A. Economic damages of approximately $23,900.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

    B. Punitive damages.

4. On her fourth claim for relief (Oregon Mortgage Broker and Banker Act):

    A. Actual damages of approximately $23,900.00, in an exact amount to be proven at trial, together with prejudgment interest;

    B. Attorney fees pursuant to ORS 86A.151(7).

5. On her fifth claim for relief (Equal Credit Opportunity Act):

Page 11 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

A. Economic damages of approximately $23,900.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Punitive damages not to exceed $10,000.00;

C. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1691e(d).

JURY DEMAND:

Plaintiff hereby demands trial by jury.

Dated this 25th day of February, 2021.

*/s/ Hope Del Carlo*
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503/789-7372
Fax: 503/345-6655

Of Attorneys for Plaintiff

Page 12 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655