IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NICHOLE WATSON,

          Plaintiff,

v.

LOANDEPOT.COM, LLC,

          Defendant.

No. 3:21-cv-00300-MO

OPINION AND ORDER

**MOSMAN, J.,**

This case is before me on Defendant loanDepot.com's Motion to Dismiss for Failure to State a Claim [ECF 6] and Request for Judicial Notice in Support of Motion to Dismiss for Failure to State a Claim. [ECF 7]. For the reasons discussed below, I GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss [ECF 6] and DENY Defendant's Request for Judicial Notice in Support of Motion to Dismiss [ECF 7].

## BACKGROUND

Plaintiff Nichole Watson filed a complaint against Defendant bringing claims under the following causes of action: (1) the Fair Housing Act 42 U.S.C. § 3601 *et seq.*, (2) the Oregon Unlawful Trade Practices Act Or. Rev. Stat 646.605 *et seq.*, (3) common law fraud, (4) the Oregon Mortgage Lender Law, Or. Rev. Stat. 86A.095 *et seq.*, and (5) the Equal Credit

1 – OPINION AND ORDER

Opportunity Act 15 U.S.C. § 1691 *et seq.*. Compl. [ECF 1] at ¶¶ 13–40. Ms. Watson alleges that "Defendant's agent's faulty loan origination handling ruined [her] pending home purchase, causing her to lose access to a $22,500 forgivable loan under the NeighborhoodLIFT program." *Id.* at ¶ 1.

Defendant brings a Motion to Dismiss [ECF 6] all five of Ms. Watson's claims as well as a Request for Judicial Notice for the three pre-approval letters Defendant provided Ms. Watson, [ECF 7] Exh. 1, and the statement of credit denial, termination, or change [ECF 7] Exh. 2.

## DISCUSSION

### I. Defendant's Request for Judicial Notice

Under the Federal Rules of Civil Procedure, a district court judge cannot look outside of the pleadings when deciding a 12(b)(6) motion to dismiss for failure to state a claim. *Khoja v. Orexgien Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). If the Court does look outside of the pleadings, it must convert the 12(b)(6) motion to a motion for summary judgment under Fed. R. Civ. Pro. 56. *Khoja*, 899 F.3d at 998. There are two exceptions to this rule that allow the court to consider extrinsic evidence on a motion to dismiss: (1) judicial notice under Federal Rule of Evidence 201 and (2) the doctrine of incorporation by reference. *Id.* Neither exception is appropriate here.

In the Ninth Circuit, where a party fails to identify which facts the court should judicially notice under Fed. R. Evid. 201, the court can only judicially notice the existence of the documents, not the facts contained within them. *Khoja*, 899 F.3d at 999–1000. A document can be incorporated by reference only where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party [can] question[] the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

2 – OPINION AND ORDER

Defendant has failed to meet two of these requirements. First, Defendant fails to explain why the Court should take judicial notice of these documents or the specific facts contained within them in either its Motion to Dismiss or in its Request for Judicial Notice. Instead, Defendant makes conclusory statements that the Court should judicially notice these documents. This does not provide an adequate legal basis to proceed on. The Court declines Defendant's invitation to judicially notice either the facts contained in the documents or the existence of the documents.

Second, Ms. Watson's complaint does not reference Defendant's second exhibit, the denial letter, therefore it should not be incorporated by reference. *Marder*, 450 F.3d at 448. Additionally, Defendant fails to explain how the pre-approval letters are central to Ms. Watson's claim. Instead, Defendant articulates how the documents are central to its defense to certain claims. *See e.g.*, Def.'s Mot. to Dismiss [ECF 6] at 6–7. This fails to meet the legal standard for incorporation by reference articulated by the Ninth Circuit in *Marder*.

Therefore, Defendant's Request for Judicial Notice is DENIED.

**II.     Defendant's Motion to Dismiss**

    *a. Fair Housing Act (Claim One) and Equal Credit Opportunity Act (Claim Five)*

In arguing that the Court should dismiss Claim One and Claim Five of the Complaint, Defendant largely relies on exhibits the Court is not taking judicial notice of or incorporating by reference. *See* Def.'s Mot. to Dismiss [ECF 6] at 6–7, 12–13. Therefore, Defendant's Motion to Dismiss Claim One and Claim Five is DENIED.

    *b. Oregon Unlawful Trade Practice Act (Claim Two) and Oregon Mortgage Lender Law (Claim Four)*

The Oregon Unlawful Trade Practice Act states that if there is "an ascertainable loss of money or property" to a consumer "as a result of another person's willful use or employment of

3 – OPINION AND ORDER

a method, act, or practice declared unlawful under Or. Rev. Stat. 646.608" that consumer has a cause of action for general and punitive damages. Or. Rev. Stat. 646.638(1). Here, Ms. Watson has adequately plead an ascertainable loss—the loss of the NeighborhoodLIFT loan—and alleged misrepresentations or omissions that would violate Or. Rev. Stat. 646.608(e) and (k). Compl. [ECF 1] at ¶ 21–2. Therefore, I DENY Defendant's Motion to Dismiss Claim Two of the Complaint.

The Oregon Mortgage Lender Law (OMLL) provides for a private right of action against a mortgage loan originator "if the person engage[d] in a residential mortgage transaction with the person…[m]akes an untrue statement of a material fact, or omits from a statement a material fact that would make the statement not misleading in light of the circumstances under which the person makes the statement." Or. Rev. Stat. 86A.151(1)(b)(ii).

Defendant barely discusses why these two claims should fail in its Motion to Dismiss merely asserting that "because Plaintiff's alleged misrepresentations are not actionable as discussed above [in the fraud section]…Plaintiff's…claim must be dismissed." Def.'s Mot. to Dismiss [ECF 6] at 10–11. Here, I agree with Ms. Watson that the OMLL does not incorporate the pleading standard for a fraud claim as Defendant argues. Pl.'s Resp. in Opp'n. [ECF 11] at 6. Ms. Watson has adequately plead that the lender made an untrue statement of material fact. Compl. [ECF 1] at ¶ 21, 32. Therefore, I DENY Defendant's Motion to Dismiss Claim Four of the complaint.

  c. *Fraud (Claim Three)*

Under Oregon law a fraud claim contains the following elements: "(1) the defendant made a material misrepresentation that was false; (2) the defendant knew that the representation was false; (3) the defendant intended the plaintiff to rely on the misrepresentation; (4) the

4 – OPINION AND ORDER

plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff was damaged as a result of the reliance." *Horton v. Nelson*, 288 P.3d 967, 970, 252 Or. Ct. App. 611, 616 (2012) (citing *Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199, 1209, 350 Or. 336, 351–52 (2011)).

Here, I agree with Defendant that Ms. Watson failed to plead that Defendant's alleged misrepresentations and omissions were made knowingly—instead she plead that they were made "with malice, or alternatively, with callous or reckless indifference to the plaintiff's health and welfare." Compl. [ECF 1] at ¶ 28. Therefore, I GRANT Defendant's Motion to Dismiss Claim Three. This dismissal is without prejudice and Ms. Watson has leave to replead her fraud claim.

## CONCLUSION

For the reasons stated above, I GRANT IN PART and DENY IN PART Defendant loanDepot.com's Motion to Dismiss [ECF 6]. I DENY Defendant's Request for Judicial Notice in Support of Motion to Dismiss [ECF 7].

IT IS SO ORDERED.

DATED this 16 day of October, 2021.

MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER